UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ABDUL HAMID,

*Plaintiff*,

- against -

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

*Defendant*.
-----------------------------------X

**MEMORANDUM & ORDER**

No. 20-cv-05116 (KAM)

Charles E. Binder ("Binder"), counsel to Plaintiff Abdul Hamid ("Plaintiff" or "Hamid") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $27,507.25. (ECF No. 27-2, the "Motion" or "Mot."; 27-3 the "Binder Affirmation" or "Binder Aff.") The Social Security Administration (the "Commissioner" or "SSA") responded to and takes no position on Binder's motion. (ECF No. 30.) For the reasons set forth below, counsel's motion is **GRANTED** and Binder is awarded $27,507.25 in attorney's fees less the $9,057.50 previously received under the Equal Access to Justice Act ("EAJA"). Binder is directed, upon receipt of the § 406(b) fee award, to refund to Plaintiff within five business days the $9,057.50 previously awarded under the EAJA.

## BACKGROUND

Mr. Hamid filed for Social Security disability benefits and Supplemental Security Income benefits on January 17, 2017. (ECF

No. 27-3, "Binder Aff." ¶ 1.) After Plaintiff's application for disability insurance benefits was denied on April 27, 2017, Plaintiff appeared before Administrative Law Judge ("ALJ") Yvette N. Diamond, who determined in a July 25, 2019 decision that Plaintiff was not entitled to benefits. (Binder Aff. ¶ 1.) On August 24, 2020, the Appeals Council denied review of ALJ Diamond's decision, rendering it the Commissioner's final decision. (*Id.*) On September 18, 2020, Plaintiff retained the Charles E. Binder & Harry J. Binder Attorneys at Law, LLP to represent him in the instant federal court action. (Binder Aff. ¶ 2; ECF No. 27-4 at 2-3, "Retainer Agreement".) Under the Retainer Agreement, Plaintiff agreed to pay Binder's firm 25% of all awarded retroactive or past due SSDI benefits. (*Id.*)

On October 23, 2020, Plaintiff filed this instant action. (*See* ECF No. 1, "Compl.") On May 10, 2021, the Commissioner served the administrative record. (Binder Aff. ¶ 2; ECF No. 10.) On August 9, 2021, Plaintiff moved for judgment on the pleadings. (ECF No. 12.) On November 22, 2021, the Commissioner filed its response. (ECF No. 15.) On May 9, 2023, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter for further proceedings. (ECF No. 22.) On May 11, 2023, the Clerk of the Court entered Judgment, remanding the matter back to the SSA for further administrative proceedings. (ECF No. 23.)

On October 10, 2023, Binder was awarded $9,057.50 in attorney's fees under the EAJA. (ECF No. 26.)

Upon remand to the SSA, Mr. Hamid was approved for benefits on his application. (Binder Aff. ¶ 5.) On September 21, 2025, the SSA informed Hamid that he was issued a "Fully Favorable" decision, and that the Administration had withheld $27,507.25, or 25% of Plaintiff's $110,029.00 past due benefits, to pay for a possible attorney fee request. (*See* Binder Aff. ¶¶ 5, 13; ECF No. 27-4, Ex. C; ECF No. 30 at 1.) Binder now seeks an order approving the payment of $27,507.25 in attorney's fees. (Mot. at 5.) Binder supports this motion with an affirmation and records showing Daniel S. Jones completed 5.2 hours and Patrick Busse completed 36.1 hours of work, equaling a rate of approximately $666.04 per hour ($27,507.25/41.3 hours). (Binder Aff. ¶¶ 7-12, ECF No. 27-4, Ex. B.)

## DISCUSSION

### I. Timeliness

This motion is timely because it was filed on September 30, 2025, within fourteen days of Plaintiff's September 21, 2025 Notice of Award letter. *See Rivera v. Saul*, No. 20-CV-7215 (CS), 2024 WL 4986967, at *2 (S.D.N.Y. Dec. 5, 2024) (citation modified) ("[F]or social security cases involving a judgment that reverses the denial of benefits and remands to the SSA," motions for attorney's fees

under § 406(b) must be filed within fourteen days after "the claimant receives notice of the amount of any benefits award[ed]").

## II. Reasonableness

The Social Security Act, 42 U.S.C. § 423, permits district courts to authorize reasonable attorney's fees up to 25% of a claimant's past-due benefits when a claimant is successful in federal court. *See* 42 U.S.C. § 406(b)(1)(A). The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine the reasonableness of an attorney fee, courts will consider (1) "the character of the representation and the result the representative achieved," (2) "whether a claimant's counsel is responsible for undue delay" that increases the amount of the claimant's recovery, (3) "whether there was fraud or overreaching in the making of the contingency agreement," and (4) whether the amount ultimately requested would result in a "windfall" for the attorney. *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).

Here, the Court finds that the first three factors weigh in favor of granting the fee request. Binder seeks $27,507.25, which is no more than 25% of Plaintiff's past-due benefits, after obtaining a favorable result for Plaintiff. As a result of Binder's advocacy, Plaintiff was able to obtain at least $110,029.00 in past-due benefits on remand, despite previously being denied multiple times. (Mot. at 2.) There is also no indication of either undue delay in this action or of fraud or overreach in the making of Binder's retainer agreement with Plaintiff.

Lastly, the Court must assess whether the requested payment of $16,900.00, and a de facto hourly rate of approximately $666.04 results in a windfall to counsel. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. Specifically, courts must consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship" between the lawyer and claimant, "including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it

was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55. Courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

While counsel's hourly rate may not be dispositive in ascertaining reasonableness here, other courts in this Circuit have found similar or even higher hourly rates to be reasonable in social security cases. To reflect the contingent nature of recovery, courts have approved fee awards with higher hourly rates than the approximately $666.04 hourly rate here. *See Mills v. Berryhill*, No. 15-cv-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (awarding $1,007.78 hourly rate); *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach,... $1,000.00.").

Upon consideration of the four windfall factors, the Court finds that Binder's requested fee award would not result in a windfall. First, the two counsels who worked on Plaintiff's case at Binder's firm have extensive experience representing individuals in SSA litigation. (Binder Aff. ¶¶ 7-12.) The attorney who conducted most of the work on this instant action, Patrick Busse, has practiced law for over 20 years, represented

thousands of claimants before the SSA, and worked on numerous federal court appeals. (Binder Aff. ¶ 10.) Moreover, Daniel S. Jones has practiced exclusively in federal court in Social Security disability appeals for nearly fifteen years and worked on over a thousand such cases or briefs filed in every District Court. (Binder Aff. ¶ 8.) Mr. Jones is also the co-author of *Social Security Law and Practice*, which is part of the New York Lawyers' Practical Skills Series for the New York State Bar Association. (*Id.*) He has also written for the Social Security section of the Federal Bar Association's newsletter. (*Id.*)

Second, Binder's firm secured a successful outcome for Plaintiff and advocated on his behalf since 2020. Mr. Busse's 36.1 hours of work and Mr. Jones' 5.2 hours of work on this matter demonstrates efficiency and a downward adjustment is unwarranted.

Third, there is no evidence that Plaintiff is dissatisfied with the successful results achieved. Binder's firm successfully challenged the SSA's decision and secured a remand, resulting in Plaintiff receiving his past-due benefit payments. (Mot. at 3-4.) Thus, this factor weighs against finding the fee to be a windfall. *See Finnegan v. Comm'r. of Soc. Sec.*, No. 21-cv-2070(PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-

due benefits that he sought; there is no evidence in the record to the contrary.”)

Finally, with respect to the uncertainty of an award of benefits and the efforts made to achieve results factor, the Court notes that “payment for an attorney in a social security case is inevitably uncertain.” *Wells*, 907 F.2d at 371. Despite counsel’s ultimate success in this case, the Court recognizes – as the Second Circuit did in *Fields* – that “[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do. ‘In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.’” *Fields*, 24 F.4th at 855-56 (quoting *Wells*, 907 F.2d at 371). Thus, no downward adjustment is warranted under this factor.

Accordingly, the Court finds that Binder’s requested fee award of $27,507.25 is reasonable and in line with awards generally approved for similar work performed. Within five (5) business days of receipt of his § 406(b) fee award, Binder must return the previously received EAJA fee award in the amount of $9,057.50 to Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (“Fee awards may be made under both [EAJA and § 406(b)], but the

claimant's attorney must refund to the claimant the amount of the smaller fee.").

## CONCLUSION

Accordingly, Binder's motion is **GRANTED**, and the Court approves an award of fees in the amount of $27,507.25 to be paid to Binder pursuant to 42 U.S.C. § 406(b). Within five (5) business days of receipt of § 406(b) fees, Binder shall remit the EAJA award of $9,057.50 to Plaintiff and shall file a declaration stating such on the docket. Binder is also directed to serve a copy of this Order and the docket on his client, Plaintiff, and shall note proof of service on the docket no later than October 5, 2026.

**So ordered.**

Dated: October 2, 2026
Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York